DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss, filed with its Answer on January 10, 2011. Defendant requests that the case be dismissed because Plaintiff failed to appeal within the 90 days required by ORS 305.280. (Answer at 1.) A case management conference was held in this matter on March 22, 2011, during which the parties discussed Defendant's motion to dismiss. The parties agreed that Plaintiff's written arguments in response to Defendant's motion to dismiss would be submitted by April 21, 2011, and that Defendant's response would be submitted by April 28, 2011. Those dates were memorialized in the court's Journal Entry, dated March 25, 2011.
Plaintiff filed her written arguments in response to Defendant's motion to dismiss on April 7, 2011. Plaintiff stated that she "did respond in a timely manner to the Department of Revenue's denial of [her] working family credit." (Ptf's Ltr at 1, Apr 4, 2011.) She explained that, "[w]hen [she] first received the denial, [she] immediately submitted a breakdown of expenses by child that was signed by [her] provider[,]" and "submitted receipts" on April 17, 2010. (Id.) Regarding her appeal to this court, Plaintiff stated "[t]he reason that I responded late to the last notice was because I was feeling as if nothing I turned in was going to be considered. *Page 2 
I did eventually feel up to addressing it again and contacted the Magistrate. I even paid $75 to have my concerns heard in this forum." (Id. at 2.)
Defendant filed its response in a status report on April 29, 2011. Defendant states "Plaintiff has not provided any proof her appeal was filed timely or any statutory authority which would allow the court to hear the case based on the merits. * * * Plaintiff's appeal to the Magistrate Division of the Oregon Tax Court (Magistrate) is postmarked December 6, 2010, past the 90 day statutory time limit outlined in ORS 395.280." (Def's Status Report, Apr 28, 2011.)
A review of Plaintiff's materials shows that the Notice of Refund Denial was mailed to Plaintiff on July 19, 2010. The Complaint was filed on December 7, 2010, and postmarked on December 6, 2010. That interval is longer than the 90 days required by ORS 305.280(2) (2009), which provides:
 "An appeal under ORS 323.416 or ORS 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date of the notice. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."
Plaintiff has not identified any facts or circumstances that extend the statutory limit of 90 days. Defendant's motion to dismiss is granted. Now, therefore, *Page 3 
IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted. The Complaint is dismissed.
Dated this ___ day of May 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on May 5, 2011. The Court filed and entered this documenton May 5, 2011. *Page 1